# Gibbs *v.* Hodge.

*Bill in Equity by Creditors, against Executor of Deceased Debtor, with his Sureties, and Fraudulent Grantees.*

1. *Judgment against executor after removal.*—A judgment against an executor, in a suit commenced after his removal from office, does not bind the assets of the estate ; but, if the suit was commenced before his removal, the judgment would be binding on him personally, notwithstanding his removal pending the suit, whether valid or not as against the assets of the estate.

2. *Parties to bill by creditors.*—When creditors of a deceased debtor, not having reduced their claims to judgment as against the estate, seek by bill in equity to reach property alleged to have been fraudulently conveyed by the executor, who was also the sole devisee, and who has been removed from the office of executor, a personal representative of the estate must be brought before the court as a party ; and the failure to make him a party, though not objected to in the court below, is a fatal defect, which this court is bound to notice, on appeal by the complainants.

[Gibbs v. Hodge.]

3. *Sale of lands by executor as sole devisee, in payment of his own debts.*—
This court "is not prepared to say that an executor, who is sole devisee,
can sell the lands devised, in payment of his own debts, and leave the
debts of his testator unpaid"; but, as to the remedy of the creditors in
such case, no opinion is intimated.

APPEAL from the Chancery Court of Sumter.

Heard before the Hon. THOMAS B. WETMORE, as special
chancellor, selected by the parties, on account of the incompetency of Chancellor DILLARD.

The bill in this case was filed by Jesse A. Gibbs and others, as creditors of Richard P. Paylor, deceased, against
Andrew J. Hodge, who was the executor of said Paylor's last
will and testament, and also sole devisee and legatee under
its provisions; and against Andrew M. Wood and Reuben C.
Meredith, who were the sureties of said Hodge on his official bond as executor; and against David H. Williams and
James M. Winston, to whom, as the bill alleged, said Hodge
had sold and conveyed all the lands which had belonged to
the testator, in payment of his own individual debts, leaving
the debts of the testator unpaid, and no personal assets
which could be subjected to their payment. The complainants' debts had been reduced to judgments against the executor, copies of which were made exhibits to the bill, and executions on them had been returned no property found. The
bill alleged that the executor had disposed of all the personal
assets belonging to the estate, had never made a settlement
of his accounts, and was insolvent; that the sureties, if not
insolvent, had no property over and above their legal exemptions, "so that, at law, your orators would get nothing
on their executions and judgments against said sureties, if
they now had such judgments;" and that the conveyance of
the lands to said Williams and Winston was fraudulent and
void as against the complainants, and they were chargeable
with notice of the complainants' rights. The prayer of the
bill was, that said Hodge might be required to settle his accounts as executor, and be charged with all the assets which
went into his hands; that decrees be rendered against him
and his sureties for the amount ascertained to be due from
him; that the settlement of the testator's estate might be
removed from the Probate Court, and concluded in said
Chancery Court; that Williams and Winston might be required to account for the rents and profits of the lands during
their possession; that the lands might be sold, and the proceeds applied to the satisfaction of the complainants' debts;
and for general relief.

A decree *pro confesso* was taken against Hodge. An answer
was filed by Meredith, alleging that Wood, his co-surety, had

[Gibbs v. Hodge.]

made application in July, 1870, for the removal of Hodge from the office of executor, and that he was accordingly removed in September, 1870; also, that he (respondent), as the agent and attorney of said Hodge, had in the meantime paid all the claims that were presented against the estate, with funds furnished by said Hodge, amounting to over $2,370; and that he protested against the conveyance of the lands to Williams and Winston, but was not able to prevent it. Wood answered, also, alleging the removal of said Hodge as executor before the rendition of the complainants' several judgments against him; denying the validity of the judgments as against the executor's sureties, or as against the testator's estate; averring that the debts had not been presented as claims against the estate, within eighteen months after the grant of letters 'testamentary, and pleading the statute of non-claim. Williams and Winston filed a joint answer, asserting the validity of their purchase of the lands, after legal advice as to the title, and claiming to be purchasers for valuable consideration without notice; denying the validity of the complainants' judgments against Hodge, because of his removal from the office of executor before their rendition; requiring proof of their several debts, and pleading the statute of non-claim; and they also demurred to the bill, for want of equity, and because the complainants had an adequate remedy at law, and because they had not exhausted their legal remedies against the executor and his sureties.

On final hearing, on pleadings and proof, the special chancellor dismissed the bill, but without giving any reasons for his decree; and his decree is here assigned as error by the complainants below.

SNEDECOR & COCKRELL, with CHAS. COOKE, for appellants. The court, by which the complainants' judgments were rendered, had jurisdiction of the parties, and of the subject-matter; and the jurisdiction appearing on the face of the record, the judgments cannot be collaterally impeached.—Freeman on Judgment, §§ 131–2, and cases cited; *Voorhies v. U. S. Bank*, 10 Peters, 449; *Lyon v. Odum*, 31 Ala. 234; *Cole v. Conolly*, 16 Ala. 271; *Cox v. Thomas*, 9 Grattan, 323. Hodge could not get rid of his liability by resigning, nor could the Probate Court relieve him by revoking his letters. *Gayle v. Elliott*, 10 Ala. 265; 1 Brick. Digest, 930, §§ 233–5. Hodge being both executor and sole devisee, it was immaterial in which capacity he was sued: he had full opportunity to be heard, and the judgments are equally conclusive against him in either capacity.—Freeman on Judgment,

[Gibbs v. Hodge.]

§ 163, and cases cited. The purchasers from Hodge, claiming through him, are also concluded by the judgments, unless they can establish that they are *bona fide* purchasers for valuable consideration without notice; and this they have failed to do. They bought trust property, from the trustee, having knowledge of the trust, and of the violation of duty by the trustee; and they are chargeable as constructive trustees.—Story's Equity, §§ 422–3, 1257; Perry on Trusts, § 217. Before they can take advantage of any irregularities in the judgments against Hodge, they must offer to pay what is due, or show that the judgments are unjust.—*Crofts v. Dexter*, 8 Ala. 767; *Secor & Brooks v. Woodward*, 8 Ala. 500.

W. G. LITTLE, *contra*.—The complainants are in no condition to litigate with the defendants as to the lands. The judgments rendered against the executor after his removal, do not bind the estate or its assets.—*Skinner v. Frierson*, 8 Ala. 915. Only an administrator *de bonis non* could recover the assets of the estate, or be sued on the debts of the testator.—*Harbin v. Levi*, 6 Ala. 399; *Dunham v. Grant*, 12 Ala. 105; *Swink's Adm'r v. Snodgrass*, 17 Ala. 653. A sale under execution, issued on the judgments, of the property of the estate, would have passed no title.—*Bank v. Strong*, 1 Stew. & P. 187; 15 Ala. 231; 1 Stark. Ev. 304. The claims are barred by the statutes of limitations and nonclaim, and the judgments do not avail to remove the bar. *Halfman v. Ellison*, 51 Ala. 544; *Smith v. Harrison*, 33 Ala. 710; *Watson v. Rose's Executor*, 51 Ala. 292.

STONE, J.—The answers set up as a defense in this case, that on the 12th September, 1870, A. J. Hodge, the executor, was removed from the trust or office of executor of Mr. Paylor's will. A transcript of the order of removal made by the Probate Court of Sumter, duly certified, is found in the record, and noted in the note of the testimony, which proves the truth of this averment in the answers. There is neither averment nor proof of any subsequent appointment of personal representative of Mr. Paylor's estate. The present a bill was filed September 20th, 1873, more than three years after Hodge's removal. In fact, all the claims set up in the bill, as judgments against Hodge as executor, except two for small sums, were put in suit after Hodge's removal, and when there was no personal representative of the estate. Those two suits, for small amounts, although commenced before September 12th, 1870 (the date of removal), were not put in judgment until afterwards. Whether these two

(24)

[Gibbs v. Hodge.]

claims are valid judgments against the assets of the estate, we need not decide. They are certainly binding on Hodge. See Code of 1876, §§ 2617, 2622 ; *Harbin v. Levi,* 6 Ala. 399 ; *Dunham v. Grant,* 12 Ala. 105 ; *Watson v. Collins,* 37 Ala. 587. The claims put in suit after Hodge's removal from the trust, derive no support from the judgments rendered, as claims against Paylor's estate. They stand on the terms of the several contracts, as if no suits had been brought.

2. There is a fatal defect in the present bill. It is a suit for the collection of debts alleged to be due and owing from Paylor's estate. Whether those claims are justly due and owing, is one of the material averments of the bill. The judgments rendered against Hodge do not prove their existence, in this suit. On this issue of indebtedness *vel non,* a personal representative of the estate of Paylor is an indispensable property. The absence of such party is a fatal defect, which the court is bound to notice. No personal representative of Paylor's estate is brought before the court, for Hodge had long ceased to be such.—*Dooley v. Villalonga,* 61 Ala. 129 ; *Blackwell v. Blackwell,* 33 Ala. 57–64.

The chancellor, in his decree, assigned no reason for dismissing the bill. We have seen, above, that the want of a personal representative of Paylor's estate is fatal to this case, and that we are forced to take notice of it. Whatever may have been the reasons which influenced the chancellor's mind, we feel bound to affirm his decree on the ground above stated.—*Dooley v. Villalonga, supra.*

3. We are not prepared to say that an executor, who is sole devisee, can sell the lands devised, in payment of his own debts, and leave the debts of his testator unpaid. In this State, lands are charged with the payment of decedents' debts, as well as personal property.—Code of 1876, §§ 3209, 2252, 2447 ; *Jackson v. Robinson,* 4 Wend. 436. The creditors may have some remedy for the enforcement of their claims, if they are not barred ; whether through an administrator *de bonis non,* or in some other form, we think it would be improper for us to intimate.—See *Teague v. Corbitt,* 57 Ala. 529 ; *Steele v. Steele's Adm'r,* 64 Ala. 438 ; *Scott v. Ware,* 64 Ala. 174 ; *Benagh v. Turrentine,* 60 Ala. 557. But, inasmuch as this case is not decided by us on the merits, and, under the advice of counsel, the complainants may conceive they still have some mode of redress, we will so far modify the decree of the chancellor as to make it a dismissal without prejudice. With this modification, the decree of the chancellor is affirmed.