# Bell v. Hall.

*Bill in Equity for Foreclosure of Mortgage.*

1. *Exemptions in favor of decedent's widow; by what law determined.* Generally, a surviving widow's claim of exemption takes effect at the death of the husband, and is determined by the law then of force; but, as against the debts of the husband, it is to be determined by the law

[Bell v. Hall.]

which was of force when they were contracted, and can not be enlarged by subsequent legislation.

2. *Same; exemption of $1,000 of personalty.*—Personal property of a resident debtor, to the amount of $1,000, was exempted by constitutional provision in 1868; but such exemption, in favor of his surviving widow, was first given by the statute approved February 8th, 1872; and it is inoperative as against debts created prior to the passage of that statute.

3. *Administrator's rights to property claimed by widow as exempt.* Although personal property to the value of $1,000 is exempt by statute from administration, in favor of the surviving widow and children (Code, § 2825), and the administrator can not recover such property from a purchaser to whom, before the grant of administration, it was sold by the widow; yet, where the widow selects and claims property as exempt, when in fact she is not entitled to any exemption as against the debts of the husband, the administrator may assert his rights to it against her or her vendee.

4. *Parties to bill for foreclosure.*—The heirs of the deceased mortgagor, and his personal representative, are necessary parties to a bill which seeks the foreclosure of a mortgage; and the appointment of an administrator *ad litem* does not dispense with the necessity of bringing in the regular administrator.

5. *Same; unknown parties.*—If the heirs are unknown, statutory affidavit and publication should be made (Code, § 3774); and an averment that the deceased left no children or heirs, so far as complainant "knows, is informed, believes, or can find out," does not dispense with this statutory requirement, or cure the want of parties.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 5th September, 1881, by Frank A. Hall, as the administrator of Samuel M. Sharp, deceased, against the widow and minor children of said Sharp, together with Willis V. Bell and Charles Sankey; and sought to foreclose a mortgage on a tract of land, which was executed to said Samuel M. Sharp by Jarratt Sankey and wife, both since deceased. The chancellor overruled a demurrer to the bill, for want of equity, and, on final hearing on pleadings and proof, rendered a decree for the complainant. The overruling of the demurrer, and the final decree, are now assigned as error. The material facts of the case are stated in the opinion of the court.

TROY & TOMPKINS, for appellants.

WATTS & SONS, *contra.*

CLOPTON, J.—The bill is brought by the administrator of a mortgagee, for the purpose of foreclosing a mortgage on lands, executed by Jarratt Sankey and wife, in February, 1878, to secure the purchase-money of the lands. The right of the defendant, Bell, to the mortgage debt, is founded on a sale and transfer by the deceased mortgagee's widow; and her right to

sell and transfer is based on a claim of exemption, and its selection as exempt.

The amended bill alleges, that the only debt due by the intestate of complainant, so far as has been brought to his knowledge, is a liability as surety on the bond of Josephus Sharp as guardian of Lucinda Sharp, which was contracted in 1870. At the time the bond was given, there was no law, constitutional or statutory, which exempted personalty of a decedent to the value of one thousand dollars, for the benefit of the widow or minor children. The Constitution of 1868 exempted the personal property of any resident, to the value of one thousand dollars, from sale on execution, or other final process of any court issued for the collection of any debt contracted after the adoption of the constitution. The first statute, allowing the exemption after death, was enacted February 8th, 1872. Generally, a surviving widow's claim of exemption takes effect at the death of the husband, and is determined by the law then of force; but, as against the debts of the husband, it is controlled by the law of force when the debt was contracted. Subsequent legislation can not enlarge the exemptions beyond those existing at the time the debt is contracted, because it impairs the obligation of the contract. In *Nelson v. McCreary*, 60 Ala. 301, BRICKELL, C. J., says: "It must be accepted as the law, that the creditor may with confidence repose on the law as it is when he contracted, and learn from it the property which the debtor can claim as exempt, and the property he may through legal remedies condemn to its satisfaction."—*Slaughter v. McBride*, 69 Ala. 510 ; *Fearn v. Ward*, 65 Ala. 33.

It is insisted, however, that though property thus claimed and selected as exempt may be subjected by a creditor in a proper proceeding, it can not be recovered by the administrator. We have held that a widow, retaining and using property exempt from administration, was not guilty of any conversion, and that the administrator could not call her to account for the children's share on their reaching majority.—*Brown v. Walter*, 58 Ala. 310. The property in controversy was cattle, household and kitchen furniture, and gardening or farming implements, which were exempt *eo nomine*, and the husband owed no debts. The right of the widow to retain them against the personal representative was clear. We have, also, held that, while the right of exemption to property, to the value of one thousand dollars, can not ripen into a title to particular property, until it has been selected and separated from the mass of the personal property; yet where the widow, before administration granted, selected certain personal property as exempt, of less value than one thousand dollars, it operated to vest in her the title, and the administrator could not recover it from her

[Bell v. Hall.]

vendee.—*Mitcham & Smith v. Moore*, 73 Ala. 542. The decision was founded on her absolute and unqualified right to the exemption, and that the *quantum* of the property did not exceed in value one thousand dollars. It was said : "The selection made by the widow, or by the guardian, or by the appointees of the judge of probate, merely individualizes the property to which the exemption attaches. Parties in interest may contest it, and, if the property in value exceeds one thousand dollars, the exemption must be reduced until it is within that limitation. The title of the personal representative to the excess would not be affected by the selection, whether it was made before or after the grant of administration. And a selection before a grant of administration, made by the widow, or by the guardian of the minor children, like a selection made subsequent to the grant, depends for validity, and for its sufficiency to pass title, upon the value of the property selected." If a selection of property, in excess of one thousand dollars in value, is invalid, and insufficient to pass title; *a fortiori*, where the right to exemption does not exist, a selection before the grant of administration will not operate to pass the title.

It is a mistake to suppose that the statute never contemplated that the exempt property should go into the hands of the administrator. The statute expressly provides, whenever the personal representative makes out an inventory of the property of the decedent, he shall permit the widow, or the guardian of the minor children, if there be no widow, or if she does not act, to select from the property *described in the inventory*, to be exempt from administration. The administrator is not required to include property in the inventory, which is presumptive evidence against him on accounting, without having it in his possession, or under his control. The legal title to the personal assets of a decedent vests in the personal representative, and he alone can maintain an action at law to recover them.— *Wood v. Cosby*, at the present term. The creditor has no right or title to the property. · The title to the debt and mortgage vested in the complainant, on the grant of administration, which related back to the death of the mortgagee. The administrator holds the property for the benefit of the creditors, primarily, and secondarily for distribution. There being no right of exemption as against the debt mentioned in the bill, the title of the administrator was not divested by the selection of the widow. If there should be enough other property of the estate to pay all debts contracted before the passage of the act of February 8th, 1872, the widow should be allowed to retain the mortgage debt as exempt. The Chancery Court, having acquired jurisdiction for a foreclosure of the mortgage, is competent to adjudicate and settle the rights of all the parties.

But the decree must be reversed, for want of parties. The heirs of Sankey, the mortgagor, are necessary parties to the bill. As a reason for not making them parties, the bill avers that he left no children, or heirs, as far as complainant "knows, is informed, believes, or can find out." This is insufficient. Section 3774 of the Code provides: "In all cases, where it is necessary to make any persons defendants to a bill, and the names of all, or any of them, are unknown to the plaintiff, and can not be ascertained on diligent inquiry, and he annexes to his bill an affidavit that the names of such persons are unknown, that he has made diligent inquiry to ascertain the same, and that their residence, as he believes, is not in this State, proceedings may be had, and a decree be rendered against them, without naming them; and the register must make publication as in case of non-residents, describing such unknown parties, as near as may be, by the character in which they are sued, and with reference to their title and interest in the subject-matter." The statutory affidavit and publication should have been made.

Besides, the administrator of the mortgagor is not made a party. During the progress of the suit, an administrator *ad litem* was appointed; but in *Dooley v. Villalonga*, 61 Ala. 129, it was expressly decided, that this is insufficient, and will not cure the defect. The absence of a material party, originally indispensable, is an error compelling a reversal, in avoidance of the rendition of an inoperative decree, though no objection has been previously made.— *Watson v. Oates*, 58 Ala. 647.

Reversed and remanded, with leave to make proper parties.