# Moore *et al. v.* Alexander.

*Bill in Equity to Enforce Vendor's Lien on Land.*

1. *When administrator is necessary party to bill.*—When the bill, seeking to enforce a vendor's lien on land, alleges that the deceased purchaser paid a large part of the purchase-money, that his estate is largely insolvent, and has been declared insolvent, and that all the assets have been administered and distributed, it is necessary that the estate should be represented by an administrator with full powers, and an administrator *ad litem* is not sufficient.

APPEAL from the Chancery Court of Colbert.

Heard before the Hon. THOS. COBBS.

The bill in this case was filed by the appellee, Wm. E. Alexander, against the appellants, Mary Hooks, the widow of Wm. Hooks, deceased, and Hooks Moore, James D. Moore, Susan Y. Moore and Alexander Moore, children of Susan Moore, deceased, who was the daughter and only

[Moore v. Alexander.]

heir of said Wm. Hooks, and the administrator of said Susan Moore, and sought to enforce a vendor's lien on certain lands described in the bill.

The bill, as amended, alleged that, October 14, 1873, the complainant sold William Hooks the land sought to be subjected for $9,500.00, and up to January 1, 1878, said Hooks had paid all the purchase-money except $2,367.30, for the payment of which said Hooks gave complainant his note bearing interest from that date, and said note was due and unpaid; that said Hooks died in 1882, and administration was had upon his estate, which was largely insolvent, and the assets thereof less than $200.00, and a final settlement of the estate was made, June 16, 1886, and all the assets duly administered and distributed, leaving nothing for further administration. The bill prayed, among other things, "that an administrator *ad litem* of William Hooks, deceased, be made a party respondent, and required to answer the bill. The foregoing are substantially the allegations and prayer of the bill as amended, so far as it is necessary to here state them.

The defendants demurred to the bill on the grounds, substantially, that it did not allege that Wm. Hooks, in his life time, sold or disposed of said lands, or had no interest therein at his death, or that his administrator had by proper authority sold or disposed of the interest which said Hooks had in the lands at his death, and failed to make the administrator of the estate of said Hooks a party to said bill, or to pray for process against him.

The court overruled the demurrer, and this is assigned as error.

W. & L. B. Cooper, for appellants.—The fact that the estate had been declared insolvent, so far from being an excuse, is a reason why the administrator should have been made a party. This was due to the creditors whose claims had been allowed against the insolvent estate. The personal representative of a deceased mortgagor is a material defendant to a bill to foreclose, and the omission of such representative is fatal to the decree and will be noticed *ex mero motu* in this court.—*Dooley v. Villalonga*, 61 Ala. 129. The appointment of an administrator *ad litem* will not cure the defect, no legal excuse being shown.—61 *ib*. 134; *Bell v. Hall*, 76 *ib*., 546, 550. The creditors, whose claims had been allowed against the insolvent estate, should have been made parties.—*McCully v. Chapman, Adm'r*, 58 Ala. 329.

J. B. Moore, *contra*.—The bill alleged that there were no

assets left of the estate of Wm. Hooks, and no estate whatever to be administered. This is, in effect, an allegation, and the court will so hold to sustain the decree of the court below, that all the interest Hooks had in the land had been sold by his administrator, and the proceeds duly administered. The demurrer admits the allegations of the bill. An administrator *ad litem* having been made a party, with the widow and heirs at law, and there being no estate whatever, no necesity existed for the appointment of a regular administrator and the making of him a party.—§ 2625, Code of 1876 ; *Dooley v. Villalonga*, 61 Ala. 132.

STONE, C. J.—There are many reasons why the estate of William Hooks should be fully and watchfully looked after in the present litigation, by some one having rightful access to his papers, and responsible for the faithful administration of his estate. Taking the averments of the bill to be true, Hooks in his lifetime purchased the lands in controversy, and paid about three-fourths of the purchase-money. Title was retained by Alexander, the vendor, and this bill is filed to enforce his lien as a vendor. His right to relief depends on his ability to show there is purchase-money unpaid, and the amount of it. In taking the account, it is meet, proper and necessary that the estate of Hooks be represented, not as a matter of form, but by a living, active, informed representative. Such has been our uniform ruling. *Hall v. Wilkins*, 4 Por. 245 ; *Erwin v. Ferguson*, 5 Ala. 158 ; *Dooley v. Villalonga*, 61 Ala. 129 ; *Gardner v. Kelsoe*, in MSS. — Ala.

A second reason is, that if the property against which the lien is enforced does not bring enough to satisfy the entire demand, the decree has the force and effect of a judgment, and execution may be issued thereon for the collection of the ascertained balance, when so ordered by the court. Code of 1876, § 3108.

A further reason exists in this and all similar cases. If the proceeds of sale leave a surplus after satisfying the lien debt, and other liens, if there be any, that balance should be applied to the exemptions, if there be such, and next to the creditors, if any, and then to the next of kin, or devisees, as the case may be. We adhere to our former rulings, that an administrator with general powers is a necessary party in this cause.—*Dooley v. Villalonga*, 61 Ala. 129 ; *Bell v. Hall*, 76 Ala. 546.

There are cases in which an administrator *ad litem* meets all the wants of the litigation.—*Clark v. Knox*, 70 Ala. 607 ; *Gayle v. Johnson*, 72 Ala. 254 ; Code of 1876, § 2625.

[Coffey, Adm'r, v. Norwood & Norwood.]

We are not prepared to say the creditors were necessary parties in this suit. There had been a decree of insolvency, and the personal representative represented the creditors.

The demurrer to the amended bill, as the pleadings now appear, ought to have been sustained.

The decree of the chancellor is reversed, and the cause remanded for further proceedings in accordance with this opinion.