# Jones *v.* Richardson.

*Bill in Equity to have Absolute Conveyance declared Mortgage, and for Account and Redemption.*

1. *Parties to bill for redemption; administrator and heirs.*—The personal representative of the deceased mortgagor is not a necessary party to a bill filed by the heirs at law, asking a reformation of the mortgage, an account and redemption, when it appears that there are no outstanding debts against the estate, that the only credits claimed are for partial payments made by the heirs after the death of the mortgagor, and they offer to pay the balance due.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 28th February, 1888, by Jack Jones and his sister, only children and heirs at law of their deceased mother, Mrs. Jane Jones, against J. C. Richardson, as executor of the last will and testament of John T. Perry, deceased, with the devisee under his will; and sought to have a conveyance, which was absolute on its face, declared a mortgage, and for an account and redemption. The written instrument, which was dated November 10th, 1887, conveyed a town lot in Greenville, and recited the payment of $50 as its consideration. The bill alleged that this instrument was intended only as a mortgage, to secure the payment of a debt of about $13.25 due from Mrs. Jones to said Perry; that the lot was worth about $200; that Mrs. Jones remained in possession of the lot until her death in January, 1887, and the complainants still

[Jones v. Richardson.]

remained in possession; that they had made partial payments on the debt since their mother's death, amounting to $6.00; that there was no administration on her estate, and no debts due except the balance of the mortgage debt, which they offered to pay. The chancellor sustained a demurrer to the bill, because the personal representative of Mrs. Jones' estate was not made a party; and his decree is here assigned as error.

EDW. CRENSHAW, for appellant, cited *Butts v. Broughton*, 72 Ala. 294.

JOHN GAMBLE, and STEINER & RICHARDSON, *contra*, cited *Dooley v. Villalonga*, 61 Ala. 129; *Bell v. Hall*, 76 Ala. 546; *Watson v. Oates*, 58 Ala. 647; *Gardner v. Kelso*, 80 Ala. 497.

SOMERVILLE, J.—The bill is one to redeem, brought by the heirs of a deceased mortgagor. A demurrer was interposed, based on the suggestion that the personal representative of the mortgagor was a necessary party to the bill; and this demurrer was sustained by the chancellor.

There may be some cases where the personal representative of the mortgagor would be an indispensable party to such a proceeding, but this is not one of that character. He would only be a proper, but not a necessary party, under the facts alleged in the bill. The heirs are unquestionably entitled to redeem, by paying the mortgage debt, with interest, if this be the only incumbrance on the land held by the mortgagee, as is alleged, and admitted on demurrer. The decree to be rendered does not affect the estate of the mortgagor in any respect. No payments are shown to have been made by her in her life-time, but all payments made · on the mortgage debt are alleged to have been made by the heirs themselves. Nor does the bill contemplate the abatement of the debt by an appropriation of the rents and profits of the land, to the prejudice of the estate. Nor is any effort made to charge the personal assets of the mortgagor's estate primarily with this debt. No accounting is, therefore, needed between the mortgagor's personal representative and the estate of the mortgagee, he also being shown to be dead. The offer of the complainants is to pay the mortgage debt themselves, and the sole party entitled to recover it is before the court.

[Stix & Co. v. Keith.]

The chancellor erred in sustaining the demurrer.—Story's Eq. Plead. (9th Ed.), §§ 182-186.

The case is entirely different from that of a bill filed by a mortgagee to foreclose a mortgage, or enforce a vendor's lien, where the effort is to establish a debt against the mortgagor's estate, and subject real assets to its payment. In such cases, the deceased mortgagor's personal representative has been held to be a necessary party, for manifest reasons, which have no application to this case.—*Moore v. Alexander*, 81 Ala. 509; *Gardner v. Kelso*, 80 Ala. 497; *Bell v. Hall*, 76 Ala. 546; *Dooly v. Villalonga*, 61 Ala. 129.

Reversed and remanded.