# Hunter, Admr. v. Shelby Iron Co.

## Statutory Action of Ejectment.

1. *Foreclosure of mortgage of deceased person; conclusiveness of decree.*—Where, to a suit to foreclose a mortgage, executed by a deceased person, his widow having also died, his heirs and the administrator of his estate are made parties defendant, and are brought into court by regular process, the purchaser at the sale under a decree of foreclosure rendered therein is invested with the legal title, and the fact that the administrator failed to answer the bill, and that no decree *pro confesso* was taken against him, does not render the decree of foreclosure invalid or less conclusive in a collateral proceeding; and in an action of ejectment, brought by the administrator *de bonis*

*non* of the estate of the deceased mortgagor against the purchaser at such sale, the defendant is entitled to the general affirmative charge.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. LEROY F. BOX.

This was a statutory action of ejectment instituted on November 16th, 1893, by the appellant, George Hunter, as the administrator *de bonis non* of the estate of Edward Moss, deceased, against the appellee, The Shelby Iron Co.; and sought to recover certain specifically described lands. The facts which show the title of defendant to the land in controversy are stated in the opinion, and under the decision on this appeal it is unnecessary to set out at length the other facts of the case. After the introduction of all the evidence, the court, at the request of the defendant, gave the general affirmative charge in its behalf, and to the giving of this charge the plaintiff duly excepted. There was judgment for the defendant; and the plaintiff appeals, and assigns as error the giving of the general affirmative charge in favor of the defendant.

W. S. CAREY and H. E. REYNOLDS, for appellant.

PETERS, WILSON & LYMAN, *contra*.

COLEMAN, J.—The plaintiff, as administrator *de bonis non* of the estate of Edward Moss, sued in ejectment to recover of defendants a certain lot or parcel of land, of which intestate died seized and possessed. The deceased died some ten or twelve years prior to the bringing of the present action, and left surviving him his widow and three children. The widow died a few years after the death of her husband, leaving the three children surviving her. In defense of the action the defendants introduced in evidence the proceeding in the chancery court which showed a bill filed by the Shelby Iron Company, to foreclose certain mortgages executed by the deceased upon the lands in controversy. The three children and the then administrator were made parties defendant to the bill, and brought into court by regular service. The chancery court ascertained the mortgage indebtedness, decreed a foreclosure of the

mortgages and sale of the land. The defendant, the Shelby Iron Company, purchased the lands and, under the orders of the court, the register in chancery executed a deed of conveyance in all respects regular to the purchaser. This summary statement of the facts is sufficient to show without more that the defendants were entitled to the affirmative charge. It may be more satisfactory to counsel to revert to one or two principles of law. Upon the death of the ancestor, the legal title to the lands in a court of equity vested in the heirs. They represented the legal title in the foreclosure suit, and the administrator was a proper party and necessary party in that proceeding.—*Dooley v. Villalonga*, 61 Ala. 129; *Jones v. Richardson*, 85 Ala. 463. With these parties before the court, the legal title passed by the decree and the deed of conveyance to the purchaser. Neither the fact that the administrator failed to answer the bill, nor the further fact that no decree *pro confesso* was taken against him, render the foreclosure decree less conclusive on a collateral proceeding like the present. The heirs and the administrator were parties regularly in court in that proceeding, and were bound by every order and decree made in the cause to its final conclusion. An appeal was the only remedy to correct irregularities, or errors of the court. So long as the chancery decree remains in force it is conclusive on all parties to the suit, and the interest represented by them. To entitle the plaintiff to recover, he must recover upon the legal title of his intestate. This has been divested by a court of chancery having jurisdiction both of the subject matter and of the persons representing the legal and equitable estate of the intestate, and invested in the defendant by the decree of the court and register's deed.

The general charge was properly given for the defendants.

Affirmed.