C. A. CARLTON v. THOS. A. WATTS, Sheriff.

*Personal Property Exemption—"Old Debt."*

1. The personal property exemption against a debt contracted in 1860 is only such as was secured to the debtor by the law existing at the date of the contract, viz : Rev. Code, ch. 45, §§ 7, 8.

2. The exemption law as applicable to debts contracted at different times discussed and explained by ASHE, J.

(*Earle* v. *Hardie*, 80 N. C., 177 ; *Gamble* v. *Rhyne, Id.,* 183, cited and approved.)

APPLICATION for *Mandamus* heard at Spring Term, 1879, of IREDELL Superior Court, before *Graves, J.*

Refused and plaintiff appealed.

*Messrs. J. M. McCorkle* and *A. W. Haywood,* for plaintiff. Defendant not represented in this court.

ASHE, J. At a superior court held for the county of Iredell on the first day of April, 1872, the plaintiff recovered a judgment against W. M. Campbell for the sum of one thousand and seventy-one dollars and four cents, and costs of action, and at spring term, 1879, of said court a writ of *fieri facias* was issued on the judgment to the defendant as sheriff of Iredell county, who on the 28th day of May, 1879, levied the same on two cows, one horse, one wagon, three hogs, one set of one-horse wagon harness, one buggy and harness, two ploughs, three hoes, three forks, one rake, one set of plough harness, one saddle and bridle, one watch and chain, two axes, one medical library and one medical pouch, and refused to sell the same. Whereupon this action was instituted against him to compel him by writ of *mandamus* to proceed to sell the property levied on.

The complaint sets forth the facts as above stated, and

the defendant in his answer admits the allegations of the complaint, but contends that the defendant (in the execution) claimed his exemptions and under the advice of counsel he had appraisers summoned and sworn who laid off and set apart to the defendant all the property levied on, and made report of their actings in due form.

The sheriff was misadvised. This being an old debt contracted in 1860, the defendant was not entitled to the exemption of five hundred dollars guaranteed by the constitution, but only such exemption as was secured to him by the law existing at the date of the contract. *Earle* v. *Hardie*, 80 N. C., 177; *Gamble* v. *Rhyne, Ibid*, 183.

The only law on that subject then existing was the act of 1848 (sections 7 and 8, of chapter 45 of the Revised Code) which exempted absolutely the wearing apparel, working tools, arms for muster, one wheel and two pair of cards, one loom, one bible and testament, one hymn book, one prayer book and all necessary school books; and in addition thereto, on debts contracted since the first day of July, 1845, the following property, provided the same shall have been set apart before seizure, to wit, one cow and calf, ten bushels of corn or wheat, fifty pounds of bacon, beef or pork, or one barrel of fish, all necessary farming tools for one laborer, one bed and bedstead and covering for every two members of the family, and such other property as the freeholders, appointed for that purpose, may deem necessary for the comfort and support of such debtor's family ; such other property not to exceed in value the sum of fifty dollars at cash valuation, and whenever any such person, or his wife in his absence, may desire to have the benefit of the preceding section, he shall apply to some justice of the county in which he resides, who shall appoint three respectable freeholders disinterested and unconnected with the party to lay off and assign to such person the property to which he may be entitled under said section ; and they shall immediately

make out a full and fair list thereof, and return the same to the clerk of the court of pleas and quarter sessions for that county, who shall file the same among the records of his office.

The act of 1879, (ch. 88 and ch. 256) re-enacts and amends the acts of 1848 and 1867, but blends their provisions in such manner that to determine what exemptions against an execution a defendant is entitled to, reference must be had to the original acts; for if the debt was contracted before the adoption of the constitution of 1868 and after the act of 1867, he is entitled to the exemptions under that act, but if before the act of 1867 and after the act of 1848, (Revised Code, ch. 45, §§ 7, 8,) then he has the right to claim the exemptions provided by that act. But when the legislature undertakes by the act of 1879 to give greater exemptions than is provided by the act of 1848, on a debt contracted before the act of 1867, it is to the extent of the excess in violation of article one, section ten of the constitution of the United States, which inhibits the impairing of the obligation of contracts.

We think the proper construction of the act of 1879, so far as it relates to exemptions provided by the act of 1848 against debts contracted after its date, is that they shall be laid off upon the application of the owner, his agent or attorney, or his wife in his absence, in the manner prescribed in section 12, of chapter 55, of Battle's Revisal. But as the appraisers appointed by the sheriff are restricted in their allotment to the exemptions given by the act of 1848, when the debt was created before the act of 1867, they must lay off and allot to the debtor, if the head of the family or householder, such articles as are enumerated in that act, (Revised Code, ch. 45, § 8,) and such other articles as he may possess, which they may deem necessary for the comfort and support of his family not to exceed fifty dollars in value. With the wearing apparel, working tools and other articles enumerated in section 7 of that chapter, they have nothing to do in

making the allotment.   They are absolutely exempted by the act.

The sheriff in our case proceeded according to law to summon appraisers to lay off and allot to the defendant the exemption to which he was entitled, but the appraisers seem to have misunderstood their duty, and greatly exceeded their powers.   Besides the wearing apparel and other articles absolutely exempted and valued by them at eighty dollars, and one cow, the only article mentioned in section eight, and valued by them at about twelve dollars, they set apart to the defendant property to the value of more than two hundred and fifty dollars, when they had no authority to exceed the value of fifty dollars.   The allotment was made upon a wrong principle and was therefore void, and the sheriff should have so treated it and have summoned other appraisers to lay off and set apart the exemption according to law.

There is error in the judgment of the court below, and it must be reversed.   Let this be certified to the superior court of Iredell ·county, that a writ of *mandamus* may be issued to Thomas A. Watts, sheriff of said county, commanding him to proceed to sell the property of W. M. Campbell levied on by him by virtue of the execution heretofore issued to him in favor of the plaintiff against the said Campbell under such writ of *venditioni exponas* as may come to his hands, or so much of said property as shall remain after the exemptions to which the defendant in the execution is entitled under the Revised Code, ch. 45, § 8, shall be set apart and allotted to him in pursuance of the provisions of section 12, chapter 55 of Battle's Revisal.

Error.                                    Reversed.