Moore and Wife v. Boozier et al.

MOORE AND WIFE V. BOOZIER ET AL.

EXECUTION: *Exemptions on debts prior to Constitution of 1868.*

Exemptions from execution on debts existing at the time of the adoption of the Constitution of 1868 are governed by the statute of exemptions then in force.

APPEAL from *Washington* Circuit Court.

Hon. A. B. GREENWOOD, Special Judge.

*E. B. Wall* for appellants.

1. Charles Boozier, having married Mary Hargrove, took possession of the property January 1, 1868, hence is liable from that date, if at all, for Rhoda Hargrove's (now Moore's) half interest in the same. *53 Ga., 485; 50 Ib., 81; 54 Ib., 359; Const. 1868, art. 12, sec. 1.*

2. If, at that time, Boozier held the half interest of Moore other than as a trust, he held it subject to execution, save as protected by the then existing homestead law. *4 Green (Iowa), 568; 15 Wall., 610; 9 Pet., 359; 8 Ib., 88; 69 N. C., 396.*

3. The Constitution of 1874 having increased the exemption in force January 1, 1868, appellees could not schedule except under the exemption law in force January 1, 1868. *54 Ga., 355; Const. Ark., 1868, art. 12, sec. 1; 15 Wall., 610; 9 Pet., 359; 49 Miss., 790 and 528; 22 Gratt., 266; 26 Gratt., 705; 5 S. C., 470; Thompson on Homestead and Ex., secs. 9 and 10.*

4. Appellee not having scheduled according to law, the supersedeas is based upon a nullity, and should have been quashed. *1 Iowa, 441; 25 Ill., 612; 16 Minn., 161.*

5. *Chapter 68 Gould's Digest* was the law in force January 1, 1868, and appellee could schedule under it only, if at all.

ENGLISH, C. J.   This was a motion to quash an exemption supersedeas, determined in the Circuit Court of Washington County, the material facts of the case being as follows:

In a suit in chancery pending in that court, at its July term, 1882, wherein William Moore and wife, Rhoda, formerly Hargrove, were complainants, and Charles Boozier and wife, Mary, also formerly Hargrove, and other heirs and distributees of Archibald Hargrove, deceased, were defendants, a decree was rendered in favor of complainants against defendants Charles Boozier and wife, Mary, for the sum of $269 principal, and interest thereon at six per cent. from the first of January, 1868, amounting to $234.03, and making the whole decree for principal and interest $503.03.   The recitals of the decree show the origin and nature of this liability of Boozier and wife to Moore and wife.

The cause was heard between Moore and wife, complainants, and Boozier and wife, defendants, the other defendants failing to appear and make defense, though warned.

The decree recites that Archibald Hargrove died in Washington County, in December, 1867, leaving him surviving as his heirs at law, the complainant, Rhoda Moore, the defendant, Mary Boozier, and other defendants named.

That the defendants not answering, received from Archibald Hargrove, in his lifetime, a large " sum " of personal property, and accepted the same in full satisfaction of their interest in the estate of said Archibald.

That complainant, Rhoda Moore, and defendant, Mary Boozier, were the only heirs who are entitled to " inherit " the personal estate of said Archibald at the time of his death, and that they were entitled to receive the said personal estate share and share alike.

That said Archibald Hargrove, at the time of his death, left personal estate of the value of $538, and that said defendants, Charles and Mary Boozier, on or about the first day of January, 1868, took possession of said personal estate, and converted it to their own use, and that they have made no return or restitution thereof, nor have they paid said plaintiff, Rhoda Moore, for her share in the same; that they hold one-half of said sum, to wit, $269; that they should pay her interest thereon after the first day of January, 1868, at the rate of six per cent., making due and owing said plaintiff, Rhoda Moore, by and from Charles and Mary Boozier, said defendants, $503.03.

Then, after these recitals, follows the decree in favor of Moore and wife against Boozier and wife, as stated above.

An execution was issued upon this decree the thirtieth of August, 1882, and, on the second of the following October, Charles Boozier filed in the office of the clerk of the court a schedule of all his real and personal property; the former consisting of seven small tracts of land, lying contiguous, amounting to twenty-four and three-fourths acres, and the latter of farm animals, implements, household furniture, etc., valued at $507.

Attached to the schedule was his affidavit that he was a citizen of the State, the head of a family, and resided on the land, claiming it to be his homestead and exempt from execution; and also claiming an exemption of all the personal property except a black mare, valued at ten dollars.

Upon this schedule the clerk issued a supersedeas against the execution upon the decree.

At the January term, 1883, of the court, Moore and wife filed a motion to quash the supersedeas, on the grounds that the schedule did not comply with the statute, and that

the supersedeas was issued contrary to law, and that plaintiffs were entitled to an execution under the decree, regardless of the alleged exemptions.

The court overruled the motion to quash the supersedeas, and Moore and wife took a bill of exceptions, setting out the facts, and appealed to this court.

The schedule was made under the act of March 9, 1877 (act of 1877, page 53), and the exemptions were claimed under article 9 of the Constitution of 1874, which is not applicable to the liability in question.

The debt or liability for which the decree was rendered, was, as shown by its recitals, incurred the first of January, 1868, which was before the Constitution of 1868 was declared to be ratified.

The exemption provision of that Constitution (article 12) applied to debts contracted after its ratification, and not before.

So the exemption provisions of the present Constitution (article 9) apply to debts contracted or liabilities incurred after its adoption.

Section 9 of article 9 provides that " the exemptions contained in the Constitution of 1868 shall apply to all debts contracted since the adoption thereof, and prior to the adoption of this Constitution."

And section 1 of the *Schedule* provides that " all laws exempting property from sale on execution or by decree of a court, which were in force at the time of the adoption of the Constitution of 1868, shall remain in force with regard to contracts made before that time."

By the homestead act of December 8, 1882 (*Gould's Dig.*, chap. 68, secs. 29, 30–1), " every free white citizen of this State, male or female, being a householder or the head of a family, shall be entitled to a homestead, exempt from sale or execution (except as hereafter mentioned),

not exceeding one hundred and sixty acres of land, or a town or city lot, being the residence of such householder or head of a family, with the appurtenances and improvements thereunto belonging.

" Nothing herein contained shall be so construed as to exempt said homestead from sale for taxes, or the owners thereof from any liabilities or debts contracted prior to the passage of this act," etc.

This act was amended as to the homestead in a town or city by section 6 of the act of March 11, 1867, extending the exemption laws of the State. *Acts of 1867, p. 309.*

Boozier claimed as exempt from sale on execution under the decree, less than one hundred and sixty acres of land. He showed that he was a citizen of the State, the head of a family, and resided on the land, claiming it as a homestead. He was doubtless free, and probably white.

The court below did not err in overruling the motion to quash the supersedeas so far as it protected the homestead of Boozier from sale on execution under the decree.

The act of the eleventh of March, 1867, to extend the exemption laws of the State, as above cited, was in force when the Constitution of 1868 was adopted, and regulates exemption of personal property as to debt and liabilities incurred before that time. This act specifically exempts certain articles of personal property from sale on execution, and Boozier must make his claim of exemption of personal property under this act, and not under the Constitution of 1874.

So much of the judgment of the court below as overrules the motion to quash the supersedeas as to the homestead exemption is affirmed.

So much of the judgment as overrules the motion to quash the supersedeas as to the exemption of personal property claimed, is reversed.

*[margin note: EXEMPTIONS: On debts existing prior to Constitution of 1868]*

The case will be remanded to the court below with instructions to quash the supersedeas as to the personal property claimed in the schedule to be exempt, with the privilege to Boozier to file an amended schedule, and obtain a supersedeas as to such articles of personal property as may be owned by him, and specifically exempted from sale on execution under the act of the eleventh of March, 1867.