GOBLE & CO. v. STEPHENSON ET AL.

1. **Exemption from Execution:** PENSION MONEY: GIFT TO WIFE: CHAP. 23, LAWS OF 1884: VESTED RIGHTS. From the time chapter 23, Laws of 1884, took effect, a pensioner might make a gift of his pension money, and the donee might hold the same, or property purchased therewith, as against the donor's creditors. But in this case, where the gift was made to the pensioner's wife, and the property was purchased, and this action was begun to subject the property to the payment of the pensioner's debt, all before the act took effect, *held* that the plaintiff had acquired an equitable lien upon the premises which it was not in the power of the legislature to divest, and that the act was not intended to have such effect.

*Appeal from Jefferson District Court.*

WEDNESDAY, FEBRUARY 3.

ACTION in equity to subject certain real estate standing in the name of the defendant Sarah E. Stephenson to the payment of a judgment held by the plaintiff against the defendant T. W. Stephenson. The court dismissed the plaintiffs' petition, and they appeal.

*Leggett & McKemey*, for appellants.

*M. A. McCoid*, for appellees.

ADAMS, CH. J.—The premises in question were purchased by the defendant Sarah E. Stephenson with pension money given her by her insolvent husband, the defendant T. W. Stephenson, after the rendition of the plaintiffs' judgment. As the judgment debtor furnished the consideration with which the premises were purchased, and was at that time insolvent, the premises are liable for the judgment, unless a different rule applies by reason of the provisions of chapter 23 of the Laws of 1884. That act provides for the exemption of pension money; and we think that from the time the act took effect any pensioner might make a gift of his pen-

sion money, and the donee might hold the same, or property purchased therewith, as against the donor's creditors. But in this case, not only was the gift made and the premises purchased before the act took effect, but this action to subject the same had been brought before that time. The plaintiffs, then, at the time the action was brought, appear to have had a right of action against the premises, and by their action we must hold that they acquired an equitable lien upon the premises, or an accrued right therein. Now, we are unable to see how the legislature could divest such lien, and we do not think that it was intended that the act should have such effect.

The appellee has filed an additional abstract, in which it is stated that "no decree appears to have been entered," and also that "that part of the abstract under certificate of evidence is erroneous." To this we have to say that we have examined the transcript, and the appellants' abstract appears to be correct.

We think that the judgment of the district court must be

REVERSED.