CASE 26—PETITION ORDINARY—OCTOBER 15.

## Millay v. White, &c.

APPEAL FROM M'LEAN CIRCUIT COURT.

CONSTRUCTION AND REPEAL OF STATUTES—EXEMPTIONS.—An act was passed April 4, 1884, so amending section 6 of article 13, chapter 38, General Statutes, as to exempt to debtors so much of *any* crop on hand as might be necessary to supply the deficiency where there was not a sufficiency of provisions to sustain the family one year, the act to take effect from its passage. By an act of April 22, 1884, passed at the same session of the Legislature, the same section of the statute was amended by providing "that if there should not be on hand sufficient provisions to sustain the family one year there should be exempt other personal property or growing crops not to exceed fifty dollars in value for each member of the family." This act provided that it was not to apply to any debt contracted prior to June 1, 1884. *Held*—

1. That as the latter statute fully covers the same subject-matter as the former, it may be presumed that it was intended to repeal the former statute.

2. But even if not, the act of April 4 being silent as to what debts it shall apply to, it must be presumed that it was passed in accordance with the sense of the same Legislature as to that matter as expressed in the act of April 22, upon the same subject, and that it was not

Millay v. White, &c.

intended to apply to debts created prior to its enactment, especially as this construction removes any doubt as to its constitutionality.

W. B. NOE FOR APPELLANT.

Cites: Potter's Dwarris on Statutes, 145, 473; Gen. St., chap. 38, art. 13, sec. 6; Session Act 1883-4, p. 45; Cooley's Constitutional Limitations, pp. 205, 287, 349; Garnett v. Cheshire, 12 American Reports, 647; Bronson v. Kenzie, 1 Howard (U. S.), 315; Von Hoffman v. City of Quincy, 4 Wall., 535; 23 American Reports, 494.

J. C. JONSON FOR APPELLEE.

Cites: Gen. St., chap. 38, art. 13, sec. 6; Acts of Ky., 1883-4, pp. 45, 75; Potter's Dwarris on Statutes, 183, 185; Tennessee v. Sneed, 96 U. S., 69; Edwards v. Kearzey, 96 U. S., 595; Louisiana v. New Orleans, 103 U. S., 203; Planters' Bank v. Sharp, &c., 6 How., 301; Wilson v. Brown, 58 Ala., 52; 29 American Reports, 727; Johnson v. Fletcher, 54 Miss., 628; 28 American Reports, 388.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, in August, 1877, executed his promissory note to the appellee, Robert Williams. In 1884 the appellee, Williams, recovered judgment against the appellant on this note. In November, 1885, execution was issued on this judgment, and placed in the hands of the appellee, Frank Wright, as the deputy of the appellee, John W. White, sheriff of McLean county.

The appellee, Wright, as such deputy, levied this execution while it was alive and in full force, upon a crop of tobacco grown by the appellant in 1885, to satisfy the execution; and the tobacco was sold by the deputy to satisfy the execution. The appellant, at the time the foregoing proceedings were had, was a *bona fide* housekeeper with a family in McLean county, Kentucky.

The appellant instituted this action in the McLean Circuit Court against the appellees, in which he claims damages for the sale of said tobacco, upon the ground

that at the time of the levy and sale he had not a sufficiency of provisions, including breadstuffs and animal food, to sustain himself and family for one year; and that under the statutory exemptions from execution in favor of *bona fide* housekeepers with a family, a sufficiency of the tobacco levied on and sold, which would supply the deficiency of provisions, including breadstuffs and animal food for one year, was exempt from execution. The lower court dismissed the appellant's petition. He has appealed to this court.

Section 6, article 13, chapter 38 of the General Statutes, which was in force at the time the debt sued on was created, provides that there shall be exempt from execution "a sufficiency of provisions, including breadstuffs and animal food, to sustain the family one year; and if there be not a sufficiency of provisions on hand for that purpose, so much of the live stock suitable for the purpose, and of the growing crop, if any, as may be necessary to supply the deficiency."

The object of the statute *supra* was "to supply the deficiency" out of any live stock on hand, if any, suitable for provisions for the family; and to supply the deficiency in breadstuffs for the family out of any growing crop on hand, if any, suitable for breadstuffs; and to supply the deficiency in animal food for such animals or beasts as belonged to the defendant in the execution, as were exempt from execution, out of the growing crop on hand, if any, suitable for that purpose.

The statute *supra* has uniformly received the foregoing construction; and it has never been held that the growing crop therein referred to embraced any crop

except that suitable for breadstuffs and animal food. On the contrary, this court expressly held, in the case of Hayden v. Crutchfield, MS. Opinion, June 25, 1881, that the growing crop, referred to in the statute, meant such crop as was suitable for breadstuffs and animal food, and did not embrace a growing crop of tobacco.

But by an act of the Legislature of this State, approved April 4, 1884, amendatory of the sixth section of the General Statutes, above quoted, the words occuring therein, "suitable for the purpose," were stricken out, and the words inserted therein, "or any crop on hand;" so as to make the section read as follows: "A sufficiency of provisions, including breadstuffs and animal food, to sustain the family one year; and if there be not a sufficiency of provisions on hand for that purpose, so much of the live stock, and of the growing crop, if any, or any crop on hand, as may be necessary to supply the deficiency." This act was to take effect from its passage.

The appellant contends that this amendatory act is retroactive, and entitles him to an exemption out of the tobacco sold under the execution sufficient to supply the deficiency of one year's provisions for himself and family, including animal food, although the debt upon which the judgment was rendered and the execution was issued was created prior to the passage of the amendatory act.

If this act stood alone and was now in full force, the serious question would arise, whether the increased exemption therein provided for could be applied as against debts which were created prior to the passage of the act—whether the antecedent contract or the

remedy, which is a part of the contract, was impaired by the additional exemption.

But the Legislature of the State, at the same session, passed another act, approved the twenty-second of April, 1884, amendatory of section 6, article 13, chapter 38, of the General Statutes, which amendment provides that there shall be exempt from execution in favor of a *bona fide* housekeeper with a family, "sufficient provisions, including breadstuff and animal food, to sustain the family one year; and if not on hand, other personal property or growing crop, not to exceed fifty dollars in value for each member of the family." This act also provides that it should not take effect until the first day of June, 1884, and that its provisions should not apply to any debt contracted before that date.

This act, and the act of the fourth of April, 1884, were both passed by the same Legislature. The act of the twenty-second of April, 1884, allowing the non "sufficiency" to be made up out of "other personal property or growing crop," not only covers the live stock and growing crop, or any crop on hand, mentioned in the act of the fourth of April, 1884, but it allows the deficiency to be made up out of any other personal property that the defendant in the execution may have. In addition to this, the act of April the twenty-second revised and amended the sixth section in detail.

As the act of the twenty-second of April amends the sixth section of the General Statutes in detail, and fully covers the subject-matter of the amendment of the fourth of April, it may be presumed that the act of the twenty-second of April was intended to repeal the act of the fourth of April. But be this as it may, the act of

Millay v. White, &c.

the fourth of April was not by express terms given a retroactive effect; and to construe it as acting retroactively would involve the constitutional question of impairing the integrity of antecedent contracts by denying the creditor the right to subject property liable to the payment of such contracts, at the time they were made, to their satisfaction. On the other hand, to construe the act as acting prospectively, would free it of that embarrassing question. So, if the act of the fourth of April is to be regarded as in force for any purpose, it must be interpreted, in the regard in question, by the expressed sense of the Legislature which passed it upon that subject. And the Legislature, by the act of the twenty-second of April, expressed the sense that the additional exemptions in favor of execution defendants should not apply to debts theretofore created. And the act of the fourth of April being silent upon that subject, the expressed sense of the Legislature must be presumed to have existed when the latter named act was passed; and that it was passed in accordance with the expressed sense of the Legislature of that session on that subject. Thus interpreting the act of the fourth of April by the act of the twenty-second of April, which furnishes the sense of the Legislature of that session as to what class of debts the additional exemptions provided for at that session should apply, there is no difficulty in determining that the act of the fourth of April, if it is still in force, does not apply to debts theretofore created.

The judgment of the lower court is affirmed.