LYON & MATTHEWS CO. v. MODERN ORDER OF PRÆTORIANS et al.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 25, 1911.)

1. CONSTITUTIONAL LAW (§ 169*)—IMPROVEMENT OF CONTRACT—REPEALING REMEDY.

A remedy subsisting when a contract is made becomes a part thereof, and a subsequent statute, which affects it so as to substantially impair the value of the contract, is unconstitutional and void.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 474; Dec. Dig. § 169.*]

2. CONSTITUTIONAL LAW (§ 99*) — VESTED RIGHT—EXEMPTION.

No one has a vested right in exemptions conferred by statute, and the Legislature may repeal the statute at will.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 204, 205; Dec. Dig. § 99.*]

3. CONSTITUTIONAL LAW (§ 180*) — IMPAIRMENT OF CONTRACT RIGHTS.

The law in force when property is acquired affecting its liability to be taken in execution does not become a part of the contract of purchase so that it may not be subsequently repealed.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 498–500; Dec. Dig. § 180.*]

4. EXEMPTIONS (§ 8*)—CONSTITUTIONAL LAW (§ 180*)—REPEAL OF EXEMPTION LAW.

The right to an exemption given by statute is to be determined by the law in force when the debt was contracted, and not by that in force when the exemption is claimed, so that an exemption law in force when a debt was contracted became a part of the contract, so that it could not be repealed if such repeal materially impaired the contractual obligation.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 8; Dec. Dig. § 8;* Constitutional Law, Cent. Dig. §§ 498–500; Dec. Dig. § 180.*]

5. APPEAL AND ERROR (§ 931*) — PRESUMPTIONS—IMPLIED FINDINGS.

The appellate court cannot imply a finding of a material fact not shown by the record, where the record shows that the judgment was based upon the express findings made.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3764; Dec. Dig. § 931.*]

6. EXEMPTIONS (§ 148*)—BURDEN OF PROOF.

Where the garnishee admitted the indebtedness to the debtor, the burden was upon the debtor to establish a plea that the fund in the garnishee's hands was exempt.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 172; Dec. Dig. § 148.*]

Appeal from Montague County Court; A. W. Ritchie, Judge.

Garnishment action by the Lyon & Matthews Company against the Modern Order of Prætorians and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded for new trial.

Speer & Weldon, for appellant. Dabney & Townsend, for appellee Modern Order of Prætorians. W. W. Cook and W. S. Jameson, for appellee Thomas.

SPEER, J. The Lyon & Matthews Company, holding a judgment against W. A. Thomas, sued out a writ of garnishment against the Modern Order of Prætorians, a benefit insurance order, and the garnishee answered admitting the indebtedness. Wm. A. Thomas filed his controverting affidavit to the garnishee's answer pleading the exemption of the fund. Upon a trial by the court judgment was rendered sustaining such plea, and the plaintiff in garnishment has appealed.

The court made the following findings of fact, which are not attacked, and which we therefore adopt: "I find: That the Modern Order of Prætorians, garnishee herein, is a corporation organized under the laws of the state of Texas, as a mutual, fraternal beneficiary association, without capital stock, and that it is doing business in compliance with the laws of Texas as such, and has been carrying on such business for more than 10 years. That the business of such corporation consists of providing benefits in money for its members; said benefits being payable upon the death of such members, as provided by certificate issued to them, to the beneficiaries named by them. That on the 6th day of January, 1902, John A. Thomas was accepted by said Order of Prætorians as a member therein, subject to its constitution and by-laws, and that the said John A. Thomas applied to garnishee for a benefit certificate of $1,000 payable at his death. That the said certificate was by garnishee issued to the said John A. Thomas on the said 6th day of January, 1902, payable the one half to Wm. A. Thomas, father of said member, the other half to Virgie Woods, as sister. That thereafter, on the 15th day of August, 1909, the said John A. Thomas, in compliance with the constitution and laws of garnishee, applied to garnishee for a change in the certificate as to the beneficiary Woods, and substituting therefor Henry Franklin Thomas, a brother to the said John A. Thomas, and making the certificate payable, one-half to Wm. A. Thomas, as father of said member, and one-half to Henry Franklin Thomas, as brother. That in making this change a new certificate was issued by said Order of Prætorians, and that there was indorsed on said new certificate, at the time the change was made by the proper authority of said Prætorians: 'Original Certif. canceled a/c change of beneficiary. Benefit to date from 1/6/02.' That in June, 1910, and before the service of the writ of garnishment herein,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

John A. Thomas died, and that the claim approved by garnishee for the sum of $1,000 one-half of which was payable, under the terms of the certificate, to the said Wm. A. Thomas, and one-half to the said Henry Franklin Thomas. That the said garnishee was at the time of the service of the writ of garnishment indebted to said Wm. A. Thomas in the sum of $500, by virtue of and under the terms of said certificate and as a benefit payable to him upon the death of said John A. Thomas, under his membership in garnishee corporation. That said order has paid to Henry Franklin Thomas the $500 due him under said certificate. That the certificate issued as aforesaid was voluntarily taken out by said John A. Thomas in favor of the said Wm. A. Thomas, and all the fees and dues thereon were paid by the said John A. Thomas. That the constitution of the Modern Order of Prætorians provides that benefit certificates shall be made payable only to the wife, husband, children, parents, or such other blood or marriage relation or person or persons dependent upon the Prætorians as may be permitted by law, and as shall be designated in his application and certificate. That the said Wm. A. Thomas was, at the time of the issuance of the original certificate, to wit, on the 6th day of January, 1902, continuously thereafter, and now is, a member of said Order of Prætorians. That on the 16th day of July, 1910, a writ of garnishment duly issued upon a valid judgment in favor of plaintiff, Lyon & Matthews Company, against said Wm. A. Thomas in the sum of $371.43 interest thereon from 21st day of March, 1910, was legally served upon the said Modern Order of Prætorians."

The court concluded as matter of law that the law in force at the time of the issuance of the benefit certificate on January 6, 1902, became a part of the contract of insurance between appellee and John A. Thomas in favor of Wm. A. Thomas and gave to the latter a vested right subject to be divested only by the insured, which right was not and could not be taken away by the subsequent repeal of such law. In this holding we think the court erred.

[1] It seems to be established on the highest authority that a remedy subsisting when a contract is made is a part of its obligation, and any subsequent law which so affects it as substantially to impair and lessen the value of the contract is forbidden by the Constitution and therefore void. Edwards v. Kearzey, 96 U. S. 595, 24 L. Ed. 793; Gunn v. Barry, 15 Wall. 610, 21 L. Ed. 212; The Queen (D. C.) 93 Fed. 834. The authorities cited are instances where the exemption had been materially increased, and there may be a possible distinction between that class of cases and those in which, as in the one under consideration, the exemption has been diminished or entirely destroyed, though on principle it would seem no distinction ought to be made, for in the first case the obligation is impaired to the detriment of the creditor, whereas in the second the impairment is to the detriment of the debtor. But, whatever distinction could be drawn in this respect, it becomes immaterial in the view we take of the case. It may therefore be conceded for the purposes of this opinion that the Legislature would have no power to repeal an exemption statute if by such repeal it impaired the obligation of an existing contract.

[2] Now it must be borne in mind that no one has a vested right in exemptions conferred by law, and the Legislature may freely repeal such laws at its pleasure. Leak v. Gay, 107 N. C. 468, 12 S. E. 312; Bull v. Conroe, 13 Wis. 233; Harris v. Glenn, 56 Ga. 94; Mooney v. Moriarty, 36 Ill. App. 175; Massey v. Wombell, 69 Miss. 347, 11 South. 188; Kittel v. Domeyer, 175 N. Y. 205, 67 N. E. 433.

[3] These authorities, and others which might be added, establish the proposition that the laws in force at the time of the acquisition of the property affecting its liability to be taken in execution do not become a part of the contract of purchase in such sense that such law may not be repealed by a subsequent Legislature. Indeed, it would hardly seem necessary to cite authorities for a proposition so obviously true. Such laws are in no just sense contracts between the state and a citizen, nor does their alteration in any wise impair the contract under which such property was acquired.

[4] The authorities which recognize the principle announced in the federal cases cited above are all to the effect that the right to an exemption must be determined by the law which was in force when the debt was contracted, and not by that which is in force when the exemption is claimed. Giddens v. Williamson, 65 Ala. 439; Moore v. Boozier, 42 Ark. 385; Goble v. Stephenson, 68 Iowa, 270, 26 N. W. 433; Knight v. Whitman, 6 Bush (Ky.) 51, 99 Am. Dec. 652; Millay v. White, 86 Ky. 170, 5 S. W. 429; 18 Cyc. 1378. This, as applied to the present case, means that the exemption laws in force at the time the debt from Wm. A. Thomas to Lyon & Matthews Company was contracted became a part of such contract to the extent that they could not be repealed if such repeal materially impaired that obligation. But it will be seen from the findings of fact upon which the judgment is based that the date of this contract is not given. Without a finding, either express or implied, upon this material point, the judgment is not supported. [5] We cannot imply such a finding in the face of the fact that the judgment appears to be based upon the express findings, and, furthermore, the agreed issues contained in the record, purporting as they do to cover all the facts in the case, and there being no statement of

facts, are themselves silent on this point and would not justify such an implication.

[6] The garnishee having answered admitting the indebtedness, and Wm. A. Thomas having pleaded the exemption of such fund, the burden was upon him to establish such plea. This he has not done.

The judgment of the court is therefore reversed, and the cause remanded for another trial.