## SQUIRES *et al.* v. POOLEY (POOLEY, *Intervener*).

No. 6621.    Opinion Filed February 1, 1916.

(154 Pac. 1166.)

1. **GARNISHMENT—Intervention—Expenses of Intervener—Right to Reimbursement.** Where an intervener, in a matter of garnishment, successfully maintains his claim of ownership to the property in the hands of the garnishee, such intervener cannot, in such intervention, recover against the plaintiff, in the suit in which the summons in garnishment issued, damages for attorney's fees, hotel and traveling expenses, incurred by him in intervening in said cause.

2. **SAME—Rights of Intervener—Trial.** A trial of the rights of the ownership of an intervener of property garnished may be had prior to the trial of the cause in which the garnishment issued.

(Syllabus by Collier, C.)

*Error from County Court, Jefferson County;*
*J. M. Adams, Judge.*

Action by L. H. Squires and another against T. E. L. Pooley, wherein S. F. Pooley intervened. Judgment for intervener, and plaintiffs bring error. Modified and affirmed.

*Bridges & Vertrees,* for plaintiffs in error.

*Guy Green* and *Joseph T. Dillard,* for intervener.

Opinion by COLLIER, C. An action was brought by plaintiffs in error, plaintiffs below, against defendant in error, defendant below, to recover upon a promissory note. On the same day, summons in garnishment was issued and served upon H. Winningham, who answered that he held $190 belonging to defendant. Thereafter, S. F. Pooley obtained leave of court to intervene in said cause, and filed his plea of intervention, claiming that he was owner of the property garnished in the hands of

Winningham, and averred that the order of garnishment was wrongfully and illegally issued, and that he had been put to much trouble and expense by reason of said garnishment, in railroad fare, hotel bills, and other expenses, and that he had been required to lose many days in attending to the same; that he had been damaged $75, together with interest from the time said money was withheld from him, and was compelled to employ an attorney to protect his rights; and prayed that the garnishment proceedings be held for naught, and that he recover from said Winningham $190 and interest thereon, and from these plaintiffs, damages, costs, and a reasonable attorney's fee, alleged to be $100. Testimony was offered, tending to prove his (intervener's) ownership of said fund in the hands of the garnishee. On a trial of the case, against the objection and exception of plaintiffs, the court admitted evidence as to what was a reasonable attorney's fee to be allowed intervener, and the expenses incurred by intervener in the way of railroad fare and hotel bills in attending to and in said trial. The case was tried to a jury, and resulted in a verdict in favor of plaintiffs and against defendant, T. E. L. Pooley, in the sum of $223.75, and also a verdict in favor of intervener in the sum of $190, against said Winningham, with interest at the rate of 6 per cent. from date of garnishment, and against the plaintiffs for $35 attorney's fees, and $50 for expenses incurred by reason of the wrongful issuance of said garnishment, $10 of which was remitted by intervener. Upon said verdict, the court entered judgment in favor of intervener and against H. Winningham for $190, and against the plaintiffs in the sum of $78.02. Motion for new trial was filed by plain-

tiffs, which was overruled and duly excepted to. To reverse said judgment this appeal is prosecuted.

The only errors argued in the brief of plaintiffs are: (1) That the court erred in trying the garnishment action before a judgment had been had in the principal action; (2) the court erred in admitting evidence, showing the amount of a reasonable attorney's fee incurred by intervener; (3) the court erred in the admission of evidence as to the expenses incurred by intervener for hotel bills and railroad fare.

The only authority cited by plaintiffs is part of chapter 121, Sess. Laws 1913, p. 232, which reads:

"The proceedings against a garnishee shall be deemed an action by the plaintiff against garnishee and defendant, as parties defendant, and all the provisions for enforcing judgment shall be applicable thereto; but when the garnishment is not in aid of execution, no trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action, and if the defendant have judgment, the garnishee action shall be dismissed with costs, unless the plaintiff shall give immediately, in open court, notice, to be stated in the journal entry, that he appeals from such action. * * *"

This law evidently has reference to proceedings between the plaintiff and defendant, and does not refer to an intervener. We deem it unnecessary to cite authorities in support of the proposition that one whose property has been wrongfully attached by the process of garnishment may proceed to have the question disposed of, regardless of whether or not the suit upon the original case in which the garnishment issued has been disposed of or not. The right to intervene and the recovery to be had are provided for by sections 4701

and 4702, Rev. Laws 1910, and such recovery cannot include an attorney's fee, hotel bills, and traveling expenses, incurred by the intervener. Therefore the court committed error in permitting evidence to be introduced as to the value of such attorney's fee and expenses, which, ordinarily, would work a reversal of the case; but inasmuch as neither the garnishee, Winningham, nor the plaintiffs complain of the judgment rendered against the garnishee, except by the plaintiffs as to the rendition of judgment for $78.02 attorney's fee and expenses, this judgment should be modified by setting aside that part of the judgment rendered against said plaintiffs for said expenses in said sum of $78.02, as not being a proper element of damages in this case; and said judgment, being so modified, should be affirmed.

By the Court:   It is so ordered.