## FARMERS' NAT. BANK v. TENNISON.

No. 14161—Opinion Filed July 3, 1923.

(Syllabus.)

**1. Garnishment — Right of Defendant to Move to Discharge Before Trial.**
Garnishment is a species of attachment, and the defendant may at any time before judgment, upon reasonable notice, move to discharge the garnishment.

**2. Same— Exempt Property — Proceeds of Insurance Policy.**
Proceeds of policy of insurance issued to one of its members by a fraternal beneficiary association is exempt from garnishment, according to the provisions of section 6786, Comp. Stats. 1921, and the trial court properly sustained the motion to quash the garnishment proceedings, wherein it was sought to subject the proceeds of such policy to the payment of the debt of the defendant.

Error from District Court, Pottawatomie County; C. C. Smith, Judge.

Action by the Farmers' National Bank, a corporation, against Dora A. Tennison, to recover $1,000 and interest upon a promissory note. Plaintiff caused garnishment summons to be served on A. B. Ramsey as garnishee. Garnishee answers admitting he has possession of the property of defendant. Defendant files motion to quash the garnishment proceedings. The motion to quash sustained. Plaintiff brings error. Affirmed.

T. G. Cutlip, for plaintiff in error.

A. M. Baldwin and Brown, Brown & Williams, for defendant in error.

KENNAMER, J. The plaintiff in error instituted this action on the 21st day of September, 1919, in the district court of Pottawatomie county against the defendant in error to recover $1,000 and interest alleged to be due on a promissory note. The de-

fendant, Mrs. Dora A. Tennison, on the date of the institution of the action resided in Carter county, but was served with summons in Pottawatomie county.

On the date of the institution of the action the plaintiff caused a garnishee summons to issue in which the Woodmen of the World and A. B. Ramsey were named as garnishees. Service of garnishee summons was made upon A. B. Ramsey, and on the 13th day of October, 1919, Ramsey filed an answer, which disclosed that on the date of the service of the summons he had in his possession a check dated August 27, 1919, made payable to the defendant, Mrs. Dora A. Tennison, in the sum of $980.75, signed by the Sovereign Clerk of the Woodmen of the World. Ramsey held the check in the capacity of clerk of a local lodge of the Woodmen of the World. Within 20 days after the district court of Pottawatomie county acquired jurisdiction of the defendant, Mrs. Dora A. Tennison, by service of the summons upon her in Pottawatomie county, she filed a motion to quash the garnishee summons.

This motion was heard on the 5th day of January, 1923, by Honorable C. C. Smith, assigned district judge, and after the hearing of said motion the same was sustained, the trial court finding that funds were exempt under the laws of the state of Oklahoma from garnishment.

The plaintiff filed motion for new trial, which was by the court overruled, and this appeal is prosecuted by the plaintiff to reverse the order of the trial court discharging the writ of garnishment. The trial court sustained the motion quashing the garnishment upon the ground that the funds represented by the check are exempt under the laws of Oklahoma.

It appears that on March 7, 1900, M. H. Tennison, now deceased, received a certificate of membership in the Sovereign Camp of the Woodmen of the World, in which Mrs. Dora A. Tennison, his wife, was named his beneficiary. That M. H. Tennison was a member of Cherokee Camp No. 167, located at Muldrow, Indian Territory, on the date of the issuance of the policy. The certificate was introduced in evidence, which shows that the Woodmen of the World is a fraternal beneficiary association incorporated under the laws of the state of Nebraska.

The first proposition argued by counsel for plaintiff for reversal of the judgment of the trial court is that no trial of the proceedings against the garnishee, when not in aid of execution, shall be had until the action between the plaintiff and the defendant shall have been disposed of. This contention is sought to be sustained by reason of the provisions of section 364, Comp. Stats. 1921, providing:

"The proceedings against a garnishee shall be deemed an action by the plaintiff against garnishee and defendant, as parties defendant, and all the provisions for enforcing judgment shall be applicable thereto, but when the garnishment is not in aid of execution, no trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action, and if the defendant have judgment, the garnishee action shall be dismissed with costs, unless the plaintiff shall give immediately, in open court, notice, to be stated in the journal entry, that he appeals from such action; in which event, the court shall make an order continuing the garnishment proceedings until the disposition of such appeal, and it shall not be necessary to take up the garnishment proceedings to the appellate court, or make the garnishee a party to the appeal."

We are unable to concur in the contention made by counsel for the plaintiff that under the provisions of the section of the statute, supra, the defendant in the action is precluded from taking any affirmative action to have the garnishment proceedings vacated. It is obvious, from a consideration of the provisions of the above statute, that it is only operative and applicable where issues are joined between the plaintiff and the garnishee. The purpose of the statute is manifest, for the reason it would not be necessary for the court to try an action involving issues joined between the plaintiff and garnishee until the plaintiff had first established his cause of action against the defendant in the action. But the statute in no way limits or abridges the right of the defendant, whose property is in custodia legis under the writ of garnishment, to move by proper motion to quash the garnishment proceedings and have his property released. Such defendant may have no defense to the action, but his property attempted to be subjected to garnishment may not be subject to garnishment, and where exempt, such defendant is entitled to have it released upon making proper showing to the court.

This court in the case of Hockaday & Co. v. King et al., 31 Okla. 127, 120 Pac. 565, held:

"The court has power to dissolve a garnishment process and discharge the garnishees upon motion of a defendant debtor, alleging and supported by evidence that the allegation in the affidavit for garnishment that the defendant debtor has not property

liable to execution sufficient to satisfy plaintiff's demand is untrue."

In the case of State ex rel. Lankford v. Collins et al., 70 Oklahoma. 174 Pac. 568, it is held that garnishment is a species of attachment and that the defendant may at any time before judgment, upon reasonable notice, move to discharge the garnishment. So it is plain the defendant may move to quash garnishment proceedings prior to a trial of the issues on the merits of the main action.

The only proposition necessary to be considered in this cause is whether the proceeds of the policy are exempt by law from garnishment. Counsel for the plaintiff argues that the right to an exemption is governed by the law which is in force when the contract is entered into, and not the law which is in force when the exemption is claimed, and cites the following authorities: Bell v. Hall, 76 Ala. 546; Moore v. Boozier, 42 Ark. 385; Alexander v. Kilpatrick, 14 Fla. 450; Peters v. Bradford, 49 Ga. 551; O'Neil v. Beck, 69 Ind. 239; Baugh v. Barrett (Ia.) 29 N. W. 425; Milay v. White, 86 Ky. 170; Kellogg v. Waite (Mass.) 12 Allen, 529; Carlton v. Watts, 82 N. C. 212; The Queen, 93 Fed. 834.

We have no fault to find with the rule of law which these authorities support, but we are unable to perceive upon what theory the rule has any application that in any way militates against the correctness of the trial court's conclusion reached in the instant case. It appears that counsel for the plaintiff bases his contention upon the fact that the policy was issued to the defendant's husband in 1900, while he resided in the Indian Territory, over which the Arkansas statutes had been extended, and that the proceeds of a fraternal beneficiary certificate were not shown to be exempt under the laws of Arkansas. It is quite clear that counsel has failed to observe that the contract or the note on which the plaintiff instituted this action was executed on the 11th day of December, 1916, in Pottawatomie county, Okla., and the plaintiff did not institute this action against the defendant to recover upon the contract of insurance, but upon the promissory note. The defendant here made no contract with the plaintiff bank except the note. The authorities cited by counsel would only be applicable to a contract made by the defendant to the bank.

This court, in the case of State ex rel. Lankford v. Collins et al., supra, held the proceeds of such policy as the one in question, under section 3498, Revised Laws 1910, section 6786, Comp. Stats. 1921, are exempt from attachment or garnishment.

We, therefore, conclude that the order and judgment of the trial court sustaining the motion to discharge the garnishment should be affirmed, and it is so ordered.

JOHNSON, C. J., and BRANSON, HARRISON, and MASON. JJ., concur.