### DAWSON PRODUCE CO. v. COHN et al.

No. 24273.    April 23, 1935.

Charles Skalnick, for plaintiff in error.

Paul M. Cameron, for defendant in error A. B. Cohn. .

PER CURIAM. Dawson Produce Company, on the 12th day of May, 1932, obtained a judgment against I. G. Futoransky and Quality Grocery & Market, Inc., on an open account for $431.30, together with interest from the 24th day of May, 1930. A. B. Cohn, hereinafter referred to as intervener, was a defendant in said action, but was granted a new trial. Dawson Produce Company, after execution against I. G. Futoransky and Quality Grocery & Market, Inc., was returned unsatisfied, instituted a garnishment proceeding against Alhambra Market, Inc., Sol Shore, and George Fritz, under section 501, O. S. 1931. Garnishees filed an unverified answer to the interrogatories propounded, stating that Sol Shore and George Fritz, in the year 1929, executed a note and mortgage in favor of the Quality Grocery & Market, Inc., which was subsequently assumed by Alhambra Market, Inc.; that on the date of garnishees' answer $100 was due Quality Grocery & Market, Inc., on the note in question. On the 12th day of October, 1932, the court directed that the $100 be paid into court. On the 18th day of October, 1932, A. B. Cohn filed an interplea and motion in which he raised several objections to the garnishment proceedings and moved that the order based thereon be set aside; he also alleged ownership of the note and mortgage held by Quality Grocery & Market, Inc., upon which the $100 indebtedness set forth in garnishees' answer was due. Dawson Produce Company filed an answer, denying all allegations of the interplea and motion and specifically the allegation that A. B. Cohn was the owner of the note and mortgage in question. The matter was tried before the court without a jury. Considerable evidence was introduced in regard to the ownership of the note and mortgage, at the conclusion of which the court dissolved the garnishment and directed that the money paid into court pursuant to garnishees' answer be returned. Dawson Produce Company, without filing a motion for new trial, gave notice of its intention to appeal to this court and said appeal was filed herein on the 28th day of November, 1932, within the period prescribed by section 555, O. S. 1931.

Plaintiff in error assigns as error, among

others, the overruling of its demurrer to the evidence of intervener; that the findings of the court are contrary to the evidence; that the court refused to make special findings of fact; and that the court erred in matters of law. The errors assigned are not argued separately. Its contention, however, is stated to be as follows:

"We contend and respectfully submit that the lower court erred in its findings of facts and conclusions of law in passing upon the issues formed by the motion of the defendant and answer thereto by the plaintiff."

We are asked, therefore, to examine questions requiring a consideration of the evidence. Intervener contends that this cannot be done unless a motion for new trial has been filed and passed upon, and with this contention we are in accord.

Section 162, O. S. 1931, is as follows:

"Any person claiming property, money, effects or credits attached, may interplead in the cause, verifying the same by affidavit, made by himself, agent or attorney, and issues may be made upon such interpleader and shall be tried as like issues between plaintiff and defendant, and without unnecessary delay."

It was pursuant to this section of the statute that the interplea was filed in which the ownership of the note and mortgage referred to in garnishees' affidavit was asserted. Plaintiff in error in its answer to the interplea denied this ownership. The issue was tried and determined in intervener's favor, for the court directed that the $100 due under the note and mortgage, which had been paid into court, be returned.

Intervener, Cohn, clearly had the right under section 162, O. S. 1931, to interplead, and it was so held by this court in Squires et al. v. Pooley (Pooley, Intervener), 55 Okla. 224, 154 P. 1166.

This court has repeatedly held that a garnishment is not only a species of attachment, but is in effect an attachment. Berry-Beall Dry Goods Co. v. Adams, 87 Okla. 291, 211 P. 79; Farmers National Bank v. Tennison, 90 Okla. 216, 217 P. 182; State ex rel. Lankford v. Collins et al., 70 Okla. 323, 174 P. 568; and Beamer et al. v. Winter et al., 41 Kan. 596, 21 P. 1078; 12 R. C. L. 775.

Plaintiff in error's position is that the interplea of Cohn is a motion and, although issues of fact may be raised upon a motion, that in the event of an appeal they could be presented to this court without the filing of a motion for new trial. We cannot view what plaintiff in error terms "the motion to discharge the attachment" filed by intervener, Cohn, in any other light than an interplea, or as an interplea and motion, in which case intervener is to be considered just as any other plaintiff.

"An intervener stands in the character of plaintiff before the court as to the nature of his title and the object of his demand, and is governed in his pleadings by the rules of practice which apply to plaintiffs in principal demands." 2 R. C. L. page 884.

The position occupied by an intervener is made clear by the case of Farmers State Bank of Newkirk v. Hess et al., 138 Okla. 190, 280 P. 305. Had intervener herein simply filed a motion to discharge the garnishment on the ground that no notice had been served upon him and that the answer of the garnishees was unverified, the authorities relied upon by plaintiff in error to the effect that no motion for a new trial was necessary in order to secure a review by this court would be applicable. Powell et al. v. Nichols et al., 26 Okla. 734, 110 P. 762; First National Bank of Seminole v. Sammons, 113 Okla. 287, 241 P. 485. Intervener, however, set up his ownership of the note and mortgage in question, which was traversed by plaintiff in error, and this was the determining issue tried by the court.

There is no question but that a motion for new trial is necessary before this issue can be re-examined, which is what plaintiff in error is asking us to do. This matter is fully discussed in Millus et ux. v. Lowery Brothers, 63 Okla. 261, 164 P. 663.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Streeter B. Flynn and John H. Halley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Flynn, and approved by John H. Halley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted. Frank Wells, disqualified.

McNEILL, C. J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur.