FEDERAL NATIONAL BANK AND TRUST COMPANY OF SHAWNEE, Oklahoma, A National Banking Association, Appellant,

v.

Miriam Lee RYAN, Intervenor, Appellee.

No. 51435.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 19, 1978.

Rehearing Denied Nov. 7, 1978.

Certiorari Denied Dec. 18, 1978.

Released for Publication by Order of Court of Appeals Dec. 27, 1978.

---

Eagleton, Eagleton & Owens, Inc. by James R. Eagleton, George W. Owens, Tulsa, for appellant.

Robert L. Shepherd, and Robert E. Miles, Tulsa, for appellee.

BOX, Presiding Judge:

An appeal by Federal National Bank and Trust Company of Shawnee, Oklahoma, plaintiff in the trial court, from a judgment awarding attorney's fees to Miriam Lee Ryan, an intervenor in the trial court.

In November, 1969 the plaintiff obtained a judgment against one Jimmie J. Ryan and one Rex Rudy, and undertook to collect against their assets. The plaintiff sought to enforce its judgment lien against certain real estate and Miriam Lee Ryan petitioned the trial court as an intervenor claiming that she had been awarded the subject tract of land in a divorce proceeding prior to the date of the plaintiff's judgment and, accordingly, the land was not subject to the judgment lien.

The Oklahoma Court of Appeals sustained the finding of the trial court that Ms. Ryan was the owner of the subject property on September 28, 1976. On October 13, 1976, before the mandate was issued and spread of record, Ms. Ryan filed a

Motion to Assess Attorney's Fees. The mandate was spread of record on March 9, 1977.

The plaintiff sought a Writ of Prohibition which was denied by the Oklahoma Supreme Court on July 26, 1977. An evidentiary hearing was held on August 24 and August 31, 1977 and the trial court awarded the intervenor's attorney a fee of $12,-000.00.

The plaintiff's three propositions of error on appeal are: (1) Title 42 O.S.1971, § 176 does not authorize an award of attorney's fees, as costs, in an action to enforce a judgment lien; (2) the right to an attorney's fee to be taxed as costs is waived unless the claim for such fee is raised in the trial court; and (3) an intervening party may not recover attorney's fees in an action by a judgment creditor to satisfy the judgment.

I.

■ As a general rule, a trial court is without authority to award attorney fees unless the right to such fees is authorized by contract or statute. *Goodman v. Norman Bank of Commerce,* Okl., 565 P.2d 372 (1977); *City Nat'l Bank & Trust Co. v. Owens,* Okl., 565 P.2d 4 (1977). The intervenor in this action claimed a right to attorney's fees based on 42 O.S.1971, § 176, which provides:

In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action.

The intervenor further cites 12 O.S.1971, § 706, which provides: "Judgments . . . shall be liens on the real estate of the judgment debtor . . . .."

■ The plaintiff urges that 42 O.S.1971, § 35, which provides that, "The lien of a judgment is regulated by civil procedure." excepts judgment liens from Title 42. The crux of the plaintiff's argument is that statutory authorization for the granting of attorney's fees in a case involving a judg-

ment lien must be found in Title 12 of the Oklahoma Statutes, which deals with civil procedure, as Title 42 O.S.1971, § 35 renders Title 42 O.S. 1971, § 176 not applicable to such liens.

Title 12 O.S.1971, § 686 provides:

In actions to enforce a mortgage, deed of trust, or other lien . . . the court shall tax the costs, attorney's fees and expenses which may accrue in the action . . . .

As a matter of law § 686 appears to speak only to the party bringing the action, or other parties to the action having liens on the premises involved. However, we feel the statute is broad enough to be applied, as are the other lien statutes, to the "prevailing party." See, *Mid-State Homes, Inc. v. Johnston,* Okl., 547 P.2d 1302 (1976).

There is no plausible reason why the prevailing party standard should not be applied in the instant circumstance. Section 686 states the court shall apportion attorney's fees "among the parties according to their respective interests . . ." in the property. Here, the intervenor was the only party adjudged to have an interest in the land.

In that Title 12 O.S.1971, § 686 provides a statutory basis for the grant of attorney's fees in actions to enforce liens and the action in the case at bar involved the enforcement of a judgment lien, we find the plaintiff's first proposition to be without merit.

## II.

The plaintiff next contends that the right to have attorney's fees taxed as costs is waived unless the claim for such fees is raised in the trial court. Basically, the plaintiff asserts that, by delaying until after the affirmance of the case by the appellate court, the intervenor waived his right to have the trial court tax costs as attorney's fees. With this contention we do not agree.

The Oklahoma Supreme Court, in the case of *National Educ. Life Ins. Co. v. Apache Lanes, Inc.,* Okl., 555 P.2d 600, 602 (1976), held as follows:

A prevailing party in a lawsuit is entitled to be reimbursed for certain items of costs. Those costs may be awarded either by the Supreme Court, if case has been appealed, or by the trial court. If the prevailing party seeks the recovery of costs in the Supreme Court then he must follow the procedure set out in Rule 32. It does not, as appellant contends, deprive the trial court of awarding costs before mandate has been spread of record.

In the case of *G. A. Mosites Co. of Ft. Worth, Inc. v. Aetna Cas. & S. Co.,* Okl., 545 P.2d 746 (1976), the Supreme Court held that, in the absence of a time limit set by statute or court rules, the time for asking for and granting attorney fees allowable under statute must rest in the sound discretion of the trial court. In the present action the trial court made a specific finding that the plaintiff had not been prejudiced by the time of filing of the motion to assess attorney fees (O.R. 45) and we find *no* abuse of discretion by the trial court.

## III.

The third proposition urged by the plaintiff is that an intervening party may not recover attorney fees in an action by a judgment creditor to satisfy the judgment.

The plaintiff obtained an original judgment and, in an action to enforce that judgment, the intervenor appeared.

Title 12 O.S.1971, § 242 provides:

In all cases of interpleader, costs may be adjudged for or against either party, as in ordinary cases.

The plaintiff cites *Squires v. Pooley,* 55 Okl. 224, 154 P. 1166 (1916) where the Supreme Court did not permit an intervenor to secure attorney's fees. The *Squires* case is clearly distinguishable from the case at bar as there was no statutory or contractual basis for the granting of attorney's fees in the former case. In a subsequent case, construing the language of Title 12 O.S. 1971, § 242; *Farmers State Bank v. Hess,* 138 Okl. 190, 280 P. 305 (1929), the court supported the recovery of reasonable expenses and costs, including attorney's fees,

where there was an appropriate statutory basis.

In *Lincoln Income Life Ins. Co. v. Harrison*, 71 F.R.D. 27 (W.D. Okl. 1976), Chief Judge Daugherty confronted the issue of whether to allow attorney's fees to the intervenor in an interpleader action and noted that the defendants urged that Title 12 O.S.1971, §§ 238–242 do not provide for an allowance of attorney fees. The Chief Judge stated that:

> [T]he award of an attorney fees (sic) in federal interpleader suits rests within the sound discretion of the Court when it is fair and equitable to allow the same . . . . And it is likely that the same result would be appropriate under Oklahoma law . . . . *Lincoln Income Life, supra* at 32.

Title 12 O.S.1971, § 242 states that, in interpleader cases, costs are to be adjudged as in ordinary cases. One forced to intervene to protect his property should not be placed in a different position regarding the recovery of costs or attorney's fees than any other party to the litigation. If there is an appropriate contractual or statutory basis for awarding attorney's fees or if there are overriding equitable considerations warranting an exception to the general "American Rule," then, where a party would otherwise receive an award of attorney's fees, an intervenor may be awarded attorney's fees.

Since the plaintiff-appellant has shown no reversible error, the judgment of the trial court is affirmed.

AFFIRMED.

ROMANG, J., concurs.

REYNOLDS, J., not participating.